UNITED STATES *v.* THE RESOLUTE.

*(District Court, D. Rhode Island.    November 9, 1889.)*

1. NEUTRALITY LAWS—FORFEITURES.
   Rev. St. U. S. § 5283, provides for the forfeiture of vessels violating neutrality laws, "one-half to the use of the informer, and the other half to the use of the United States." *Held,* that where a vessel is forfeited and sold under this provision, and one-half of the proceeds is paid to the United States, the other half remaining in the custody of the court, the latter half will not be paid to the United States, even after the lapse of many years, where it does not appear that it will not be needed to satisfy a judgment for some claimant as informer, and it is immaterial that Rev. St. U. S. § 3689, provides for refunding moneys "received and covered into the treasury before the payment of legal and just charges against the same."

2. SAME.
   Even if no other claimant ever appears, such fund is not the property of the United States, under the statute.

In Admiralty.    Petition for payment of moneys into the United States treasury.

*Rathbone Gardner,* U. S. Atty., for the petitioner.

CARPENTER, J.    The schooner Resolute was libeled and condemned for violation of the neutrality laws, (3 St. at Large, c. 88, § 3, p. 447; Rev. St. § 5283,) and the proceeds of sale were paid into court in the year 1874.    One-half of those proceeds was paid to the United States, and the other one-half, amounting to $2,322.42, remains in the registry of the court.    A claim was filed by David Ritchie, alleging that he was entitled to this fund, as informer, and his claim was heard and dismissed by the court.    This petition is now filed on behalf of the United

States, praying that the fund now in the registry be paid into the treasury. To the granting of this motion there are, as it seems to me, two objections:

*First.* It does not appear that the money will not be needed to satisfy a judgment in favor of some claimant who may prove his right as informer. Such a result, in this case, after the lapse of so much time, seems very improbable; but I cannot make a judicial finding based on the proposition that it is impossible. The district attorney suggests that if such a contingency should arise the money would be still available for the satisfaction of the informer, under the provisions of Rev. St. § 3689, which appropriates such sums as may be necessary "to refund moneys received and covered into the treasury before the payment of legal and just charges against the same." This suggestion does not meet the difficulty. The appropriation act above quoted is intended to pay sums erroneously, or by inadvertence, paid into the treasury; and, however efficient it may be for that purpose, it does not justify a payment into the treasury in a case where it is known at the time of the payment that there may be a just and legal claim on the part of some other person. Still further, it seems to me clear that the statute quoted would not be efficient to secure the repayment of this fund, if it should be needed. A claimant who had established his right, and obtained the judgment of this court for the payment to him of the fund in question, would be then obliged to present his claim for the money to the accounting officers of the treasury, in which he must allege that the money had been paid into the treasury "before the payment of legal and just charges against the same." To support this allegation he must, of course, maintain the proposition that his claim is a "legal and just charge." If the statute contained a provision, in express and unmistakable language, that the judgment of the court should be conclusive on this question, it might, perhaps, be argued that the fund would certainly be paid over in pursuance of the judgment, or, at least, that the court should assume that it would be so paid over. But, in the present state of the case, I should think it not improbable that the accounting officers of the treasury would conceive themselves required to make an independent examination of the question whether the claim were a "legal and just charge," and to decide the question of payment according to the result of such examination. I do not think it right to subject to such contingencies a fund now properly in the custody of the court.

*Secondly.* It does not appear that the fund now in court is the property of the United States, even if no further claimant should ever set up a demand to receive it as informer. The statute provides that the ship or vessel "shall be forfeited, one-half to the use of the informer, and the other half to the use of the United States." Rev. St. § 5283. There does not appear to be in this language any expression of an intention that the whole shall go to the United States, in case no person establishes his right as an informer. Such a case seems to have been left without any provision as to the disposal of the share set apart for the informer.

On the whole, therefore, I am of opinion that the petition should be denied and dismissed. Petition dismissed.